# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiffs,**

**v.**                             **Case No:   6:13-cr-253-Orl-37GJK**

**LARRY JAMES WILBORN,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration after an evidentiary hearing to determine whether Defendant is competent to stand trial.

## I.      BACKGROUND.

On October 3, 2013, the Grand Jury returned a three (3) count indictment against Defendant.   Doc. No. 10.   The indictment arises from Defendant's alleged unlawful purchase and sale of firearms.   Doc. No. 10 at 3-11.   On October 9, 2013, Defendant filed a motion pursuant to 18 U.S.C. § 4241(a), requesting that he undergo a "mental health examination" for the purpose of determining whether he is competent to stand trial.   Doc. No. 17.   On October 10, 2013, the Court entered an order granting the motion and directing Defendant to submit to a psychiatric examination by Dr. Daniel P. Tressler ("Dr. Tressler").   Doc. No. 20 at 1.

On November 15, 2013, Dr. Tressler conducted a psychiatric examination of Defendant and authored a report detailing his evaluation and opinions concerning Defendant's competency. Doc. No. 25.   Relevant to the issue at bar, Dr. Tressler expressly considered Defendant's ability to cooperate with counsel and disclose pertinent facts.   Doc. No. 25 at 3.   Dr. Tressler opined that Defendant's ability to cooperate with counsel was unimpaired.   Doc. No. 25 at 4.   Based on this

and other opinions, Dr. Tressler opined that Defendant is competent to stand trial.   Doc. No. 25 at 4.

On December 20, 2013, the Court held a hearing during which Defendant's counsel raised concerns about Dr. Tressler's report.   In consideration of counsel's concerns, the Court entered an order directing Defendant to submit to a psychiatric examination by Dr. Jeffrey A. Danziger ("Dr. Danziger").   Doc. No. 30 at 1.

On February 28, 2014, Dr. Danziger conducted a psychiatric examination of Defendant and authored a report detailing his evaluation and opinions concerning Defendant's competency. Doc. No. 38.   In his report, Dr. Danziger noted that Defendant expressed belief that President Barack Obama appointed him as a federal judge and that Congress appointed him as "Governor of the United States[.]"   Doc. No. 38 at 3.   Notwithstanding these "grandiose delusions[,]" Dr. Danziger opined, in relevant part, that Defendant is "capable of trusting his attorney, working with his attorney, and assisting his attorney[,]" and "seems capable of relating relevant and helpful information to assist his attorney in his defense."   Doc. No. 38 at 4-5.   Based on this and other opinions, Dr. Danziger opined that Defendant is competent to stand trial.   Doc. No. 38 at 5.

On April 15, 2014, the undersigned held an evidentiary hearing, Pursuant to 18 U.S.C. §§ 4241(a), (c), 4247(d), to determine whether Defendant is competent to stand trial.   Doc. No. 47. Both parties were represented by counsel.   Doc. No. 47.   During the hearing, Dr. Tressler's and Dr. Danziger's reports were admitted into evidence without objection.   Doc. No. 47.   Thereafter, Defendant called James Bender ("Mr. Bender") to the stand.   Doc. No. 47.   Mr. Bender testified that he is a licensed private investigator, and was hired by Defendant to assist in his defense.   Mr. Bender testified that his initial meeting with Defendant occurred in October 2013.   Since that time, Mr. Bender has remained in contact with Defendant by either meeting him in person or

speaking with him over the telephone.  Mr. Bender testified that he and Defendant routinely discuss the case at bar.  Mr. Bender testified that Defendant has made several "outlandish" and unsubstantiated claims during their conversations, including, but limited to, claims that: 1) Judge Julie O'Kane, of the Ninth Judicial Circuit Court of Florida, personally informed him that criminal charges pending in state court and similar to those alleged in the case at bar were dismissed; 2) Magistrate Judge Thomas B. Smith, Judge O'Kane, and defense counsel were Dr. Tressler's patients; 3) President Barack Obama appointed him as a federal judge; and 4) Magistrate Judge David A. Baker was a personal friend.  Mr. Bender also testified that Defendant recently expressed a belief that he had not yet been indicted.  Notwithstanding Defendant's delusional claims and beliefs, Mr. Bender testified that Defendant has previously discussed the indictment and the charges therein.  Mr. Bender further testified that Defendant has provided information relevant to the charges in the indictment (i.e., concerning the purchase and sale of the firearms). After consulting with counsel, the Defendant elected not to testify at the hearing.

## II.   **STANDARD OF REVIEW.**

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent."  *U.S. v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005).  The standard for competency to stand trial is whether the defendant "has a rational as well as factual understanding of the proceedings against him" and "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *U.S. v. Hogan*, 986 F.2d 1364, 1371 (11th Cir. 1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial."  *Rahim*, 431 F.3d at 759.  "[A] petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a

preponderance of the evidence." *U.S. v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).   "In the final analysis, the determination of competency is a legal conclusion; even if the experts' medical conclusions of impaired ability are credited, the judge must still independently decide if the particular defendant was legally capable of reasonable consultation with his attorney and able to rationally and factually comprehend the proceedings against him." *U.S. v. Makris*, 535 F.2d 899, 908 (5th Cir. 1976).[1]

## III.   <u>ANALYSIS</u>.

Defendant argues that he is not competent to stand trial because he does not have sufficient present ability to consult with counsel with a reasonable degree of rational understanding.[2]   In determining whether the defendant has sufficient present ability to consult with counsel, courts have considered the following factors: 1) the state of the defendant's memory, since he or she should be able to relate pertinent facts, names and events to his or her counsel (although the defendant need not remember every fact that trial might encompass); 2) the extent to which relevant evidence could be reconstructed from communications made by the defendant to his or her counsel or from independent sources; 3) an adequate ability to review and evaluate documents and other written evidence bearing on the case; 4) an appreciation of the Government's evidence against him; 5) the ability to consider the wisdom of taking a course other than standing trial on the merits; 6) the ability to decide objectively whether to exercise his or her constitutional right to take the stand, and if he or she does take the stand, the ability to testify in an intelligent, coherent

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] At the outset of the hearing, defense counsel conceded that Defendant has an adequate understanding of the nature of the proceedings against him.   Accordingly, the sole issue is whether Defendant has a sufficient present ability to consult with counsel with a reasonable degree of rational understanding. *Hogan*, 986 F.2d. at 1371.

and relevant manner; 7) the ability to remain sufficiently alert and responsive so as to follow and recognize any discrepancies in the testimony of witnesses; and 8) the ability to discuss the testimony with his or her counsel and to postulate questions to the witnesses through counsel. *U.S. v. Derisma*, Case No. 2:09-cr-64-FtM-36SPC, 2011 WL 3878367, at *3 (M.D. Fla. June 27, 2011) *report and recommendation adopted*, 2011 WL 3878359 (M.D. Fla. Sept. 2, 2011) (citing *U.S. v. Passman*, 455 F.Supp. 794, 796-97 (D.D.C. 1978)).

Upon consideration of the evidence presented during the hearing, the undersigned finds that Defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding.   The evidence reveals that Defendant has recently denied the existence of an indictment and has made several delusional claims concerning his status in the community, relationships with judicial officers, and ongoing conspiracies.   Notwithstanding Defendant's delusional claims and beliefs, Mr. Bender's testimony reveals that Defendant is aware that he has been criminally charged in federal court, and is aware of the nature of those charges.   Mr. Bender's testimony further reveals that Defendant has provided information relevant to the charges in the indictment.   Accordingly, the undersigned finds that Mr. Bender's testimony weighs in favor of Defendant having sufficient present ability to consult with counsel with a reasonable degree of rational understanding.

Moreover, Drs. Tressler and Danziger each opined that Defendant is competent to stand trial.   Doc. Nos. 25 at 4; 38 at 5.   Specifically, each opined that Defendant is capable of relating facts relevant to his defense and working with counsel.   Doc. Nos. 25 at 3-4; 38 at 5.   While the undersigned finds both opinions to be credible, the undersigned assigns significant weight to Dr. Danziger's opinion concerning Defendant's competency.   During the hearing, defense counsel represented that she provided Dr. Danziger with a document describing Mr. Bender's

conversations with Defendant and that said document was consistent with Mr. Bender's testimony. Accordingly, Dr. Danziger was aware of Defendant's delusional claims, discussed them with the Defendant, and still opined that he is competent to stand trial.  Finally, Defendant's counsel acknowledged that when discussing the merits of the charges the Defendant is facing her discussions with him are just like those she would have with any other defendant in such a case. It is primarily his delusional beliefs that she maintains interfere with counseling the Defendant. In light of the evidence presented during the hearing, the undersigned finds that Defendant has not proven by a preponderance of the evidence that he lacks sufficient present ability to consult with counsel with a reasonable degree of rational understanding. [3]   Accordingly, it is **RECOMMENDED** that the Court enter an order finding that Defendant is competent to stand trial.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] The undersigned recognizes and appreciates that Defendant's delusions will present challenges for defense counsel. However, the undersigned fully agrees with Dr. Danziger's conclusion that Defendant has a sufficient present ability to consult with counsel with a reasonable degree of rational understanding.