**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                   Case No. 6:13-cr-253-Orl-37GJK

JAMES LARRY WILBORN

_____

**ORDER**

This cause is before the Court on the following:

1. The Report and Recommendation of Magistrate Judge Gregory J. Kelly (Doc. 49), filed April 17, 2014; and

2. Objection to Report and Recommendation by Magistrate Judge Finding Defendant Competent to Stand Trial (Doc. 50), filed April 23, 2014;

3. United States' Response to Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. 52), filed May 5, 2014.

**BACKGROUND**

Defendant is charged in a three count indictment with wire fraud (Count I), receipt, possession or sale of stolen firearms (Count II), and making false statements in required information kept by a firearms dealer (Count III). (Doc. 10.) Attorney Amanda Jacobson was appointed to represent the Defendant. (Doc. 6.) Soon after her appointment, Attorney Jacobson filed a motion for a psychiatric examination of Defendant to determine his competency to proceed. (Doc. 17.) Magistrate Judge Kelly granted the motion, and directed Defendant to submit to a psychiatric examination by Daniel P. Tressler, Psy.D. (Doc. 20.) Dr. Tressler filed his evaluation with the Court under seal on November 26, 2013. (Doc. 25.) After a hearing on December 20, 2013

(Doc. 29), Magistrate Judge Thomas B. Smith ordered that Defendant submit to an additional examination by Dr. Jeffry Danziger, Psy.D. (Doc. 30.) Dr. Danziger filed his evaluation with the Court under seal on March 3, 2014. (Doc. 38.)

On April 15, 2014, Magistrate Judge Kelly held an evidentiary hearing concerning Defendant's competency. (Doc. 47.) The evaluations of Drs. Tressler and Danziger were accepted without objection, and the Defendant called his private investigator, James Bender, to testify. (*See id.*) The Government presented no witnesses, but relied on the evaluations of Tressler and Danziger to argue that Defendant was not incompetent. (*See id.*) On April 17, 2014, Magistrate Judge Kelly entered his report and recommendation that the Court find Defendant to be competent. (Doc. 49 (the "Report").) Defendant filed his objections on April 23, 2014 (Doc. 50), and the Government responded (Doc. 52). Upon consideration, the Court finds that the Defendant's objections are due to be overruled, and the Report is due to be adopted and affirmed.

## STANDARDS

**I.     28 U.S.C. § 636**

Pursuant to Title 28, United States Code, § 636(b)(1)(B), a magistrate judge may be designated to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . ." *See also* Fed. R. Crim. P. 59(b)(1). Any party may submit written objections to proposed findings of fact and recommendations, and the court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *see also United States v. Cainion*, 469 F. App'x 825, 828 (11th Cir. 2012) (declining to consider defendant's challenge to magistrate judge's competency determination because defendant did not file objections with the district court).

## II.     18 U.S.C. § 4241

"The due process clause prohibits the trial or guilty plea of a person who is mentally incompetent." *United States v. Fuenmayor-Arevalo*, 490 F. App'x 217, 225 (11th Cir. 2012) (citation omitted). Accordingly, if there is "reasonable cause to believe that the defendant" is mentally incompetent, the court must conduct a hearing and "may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4241(a), (b). After the hearing, the court must commit the defendant to the custody of the Attorney General for treatment if the court determines "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960). The mere presence of mental illness "does not necessarily render a defendant incompetent." *Fuenmayor-Arevalo*, 490 F. App'x at 225. "Absent evidence of an inability to assist counsel, the defendant's 'low intelligence, mental deficiency, bizarre, volatile, or irrational behavior . . . is not sufficient to show incompetence.'" *Id.* (quoting *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F. 3d 1093, 1101 (11th Cir. 2009)).

## DISCUSSION

Defendant is a seventy-year-old man who is being treated for diabetes, high blood pressure, emphysema, and heart disease. Defendant also suffers from significant

hearing loss. Although he denies ever being diagnosed with or treated for a mental illness, Defendant now appears to suffer from "grandiose delusions." (Doc. 49, p. 2 (quoting Doc. 38, pp. 4–5).) Defendant has expressed his delusions to his counsel, his private investigator, and to Dr. Danziger. Nonetheless, both medical health professionals who examined Defendant opined that he understood the nature and consequences the instant proceedings and is capable of assisting his attorney. (Doc. 25, p. 4; Doc. 38, p. 5.) Based on these consistent expert opinions, Mr. Bender's testimony that Defendant had provided information to him relevant to the charges of the indictment, Defendant's counsel's concession that Defendant has "an adequate understanding of the nature of the proceedings against him," and Magistrate Judge Kelly's observation of Defendant during the hearing, Magistrate Judge Kelly determined that the Defendant had not met his burden to establish by a preponderance of the evidence that he is not competent to stand trial. (Doc. 49, pp. 4–5.)

Defendant objects to the Report on the grounds the "Government bears the burden to establish competency when the issue is raised," and the Government did not meet its burden. (Doc. 50, p. 2.) The Government counters that Defendant bears the burden of proof because he initiated the competency proceedings. (Doc. 52, pp. 5–6.) Although the burden of proof issue has not been "squarely addressed" by the Supreme Court or the Eleventh Circuit,[1] this Court agrees with the Magistrate Judge that Defendant bears the burden of proof in this case because he initiated the competency

---

[1] *See United States v. Allen*, No. 10-CR-80175, 2011 WL 4352793, at *20 (S.D. Fla. Aug. 26, 2011), report and recommendation adopted, No. 10-80175 CR, 2011 WL 4352776 (S.D. Fla. Sept. 16, 2011); *United States v. Richardson*, No. 3:08-CR-302-J-32TEM, 2009 WL 1490552 (M.D. Fla. May 27, 2009) ("Which party has the burden of proof concerning competency is not fully decided.")

4

hearing.[2] In any event, given the consistent opinions of Drs. Danziger and Tressler, and the testimony cited by the Magistrate Judge, it does not appear that this is one of the rare cases in which allocation of the burden will make a difference—where the evidence is in "equipoise." *See Cooper*, 517 U.S. at 355 (observing that the burden of proof issue will matter "only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent"). Rather, the preponderance of the evidence before the Court does not establish that Defendant is unable to understand the nature and consequences of these proceedings and assist properly in his defense. Accordingly, Defendant's objections are rejected.

Although the Court finds that Defendant is presently competent to proceed, the Court notes that he may require some accommodations—particularly to address his hearing difficulties. Further, if it appears that Defendant's mental state deteriorates before the conclusion of these proceedings such that he becomes unable to assist his

---

[2] In *Cooper v. Oklahoma*, 517 U.S. 348 (1996), the United States Supreme Court held that no due process issue results from requiring a criminal defendant "to shoulder the burden of proving his incompetence by a preponderance of the evidence." *Id.* at 361–62 (citing *Medina v. California*, 505 U.S. 437, 445 (1992)). In so holding, the *Cooper* Court noted that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Id.* The Eleventh Circuit has similarly noted that defendants have the burden to demonstrate their "incompetency by a preponderance of the evidence." *See Fuenmayor-Arevalo*, 490 F. App'x at 225; *see also United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011) (holding that "a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence") (quotation omitted). The only time that the burden of proof appears to rest with the government is when the government initiates the competency proceeding. *See United States v. Johns*, 390 F. App'x 963, 970 n. 5 (11th Cir. 2010) ("Where the defendant files a motion to determine his mental competency . . . the burden of proof is on the defendant."); *see also United States v. Crawford*, 300 F. App'x 716, 717 (11th Cir. 2008); *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).

counsel or understand the nature and consequences of these proceedings, then the Court will reassess Defendant's competency.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Objection to Report and Recommendation by Magistrate Judge Finding Defendant Competent to Stand Trial (Doc. 50) is **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Gregory J. Kelly (Doc. 49) is **ADOPTED AND CONFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 13, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record