**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES,

        Plaintiff,

v.                                           Case No. 6:13-cr-253-Orl-37GJK

JAMES WILBORN,

        Defendant.

**COMMITMENT ORDER**

This cause is before the Court on an evidentiary hearing to address whether Defendant James Wilborn is mentally competent to stand trial on the three charges against him—wire fraud (Count I), receipt, possession or sale of stolen firearms (Count II), and making false statements in required information kept by a firearms dealer (Count III) (Doc. 10). (*See* Doc. 110.) For the reasons set forth below and discussed during the Hearing, the Court finds by a preponderance of the evidence that the Defendant is not mentally competent at present. Accordingly, the Court will continue the trial pending efforts to restore Defendant's mental competence.

**LEGAL STANDARDS**

The due process clause of the U.S. Constitution prohibits "the trial or guilty plea of a person who is mentally incompetent." *United States v. Fuenmayor-Arevalo*, 490 F. App'x 217, 225 (11th Cir. 2012). For due process purposes, a defendant is considered mentally incompetent if he presently suffers "from a mental disease or defect" rendering him "mentally incompetent to the extent that [he is] unable to understand the nature and consequences of the proceedings against [him] or to assist

properly in [his] defense" ("Incompetency Standard"). *See* 18 U.S.C. § 4241(a); *see also Dusky v. United States*, 362 U.S. 402, 402 (1960) ("[T]he test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether [the defendant] has a rational as well as factual understanding of the proceedings against him.").

If a court finds that "there is reasonable cause to believe that the defendant" satisfies the Incompetency Standard, then the court "must order a competency hearing." *See United States v. Michel*, 511 F. App'x 918, 919 (11th Cir. 2013) (quoting 18 U.S.C. § 4241(a)); *United States v. Rosin*, 263 F. App'x 16, 33 (11th Cir. 2008) (noting that a "bona fide doubt" concerning competence necessitates a competency hearing). After a competency hearing held in conformance with the requirements of 18 U.S.C. § 4247(d), if the court finds by a "preponderance of the evidence" that the defendant meets the Incompetency Standard, then the court must commit the defendant to the custody of the Attorney General. *See* 18 U.S.C. § 4241(d)(1). The Attorney General must then "hospitalize the defendant" for treatment in a suitable facility "for such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward." *See id.* (emphasis added).

## DISCUSSION

Defendant is a hearing impaired, seventy-year old man, in poor physical health, whose mental competence has been at issue since very early in this case. (*See* Docs. 17, 20, 29, S-57, 58, 73, 80, 85, 89; Doc. 30, pp. 10, 39; *see also* Doc. 33, pp. 27–29.) At least four mental health professionals have examined Defendant and have submitted five competency evaluations to the Court. (*See* Docs. S-107, S-100,

S-76, S-38, S-25.) The first two reports (from 2013 and early 2014) opine that Defendant does not meet the Incompetency Standard (Docs. S-38, 2-25), the third and fifth reports (from 2014 and 2015) opine that Defendant meets the Incompetency Standard (Docs. S-107, S-76), and the third report (from early 2015) declined to opine on the matter (Doc. S-100).

Defendant's appointed counsel and the Government have advised the Court that they agree that Defendant meets the Incompetency Standard. (*See* Docs. 108, 109.) This agreement was buttressed by testimony from Defendant's spouse, his appointed counsel's private investigator, Dr. Jacqueline Olander (who examined Defendant in 2014 and authored the third report), and Dr. Jeffrey Danziger (who examined Defendant in 2014 and 2015 and authored the second and fifth reports). Further, the Defendant's own statements and demeanor during the hearing were consistent with the evidence that Defendant meets the Incompetency Standard. Because the record demonstrates by a preponderance of the evidence that Defendant does not have the present ability to consult with his appointed attorney with a reasonable degree of rational understanding,[1] the Court will commit Defendant to the custody of the Attorney General to be hospitalized and treated in accordance with § 4241(d)(1).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)  In accordance with 18 U.S.C. § 4241(d)(1), Defendant is **COMMITTED** to the custody of the Attorney General to be hospitalized in the Mental Health

---

[1] Defendant exhibits some factual understanding of the proceedings against him; however, his understanding is corrupted by certain irrational beliefs and is insufficient to permit Defendant to assist his appointed counsel at this time.

Unit at the Federal Medical Center in Butner, North Carolina for no more than **120 DAYS** from the date that Defendant surrenders himself and is taken into custody.

(2)   Defendant is **DIRECTED to SURRENDER** himself to the custody of the U.S. Marshals Service at the George C. Young U.S. Courthouse & Federal Building at **2:00 p.m. on Friday, June 26, 2015**.

(3)   The U.S. Marshals Service is **DIRECTED** to promptly and directly transport the Defendant to the Mental Health Unit at the Federal Medical Center in Butner, North Carolina.

(4)   The Government is **DIRECTED** to file a status update with the Court **NINETY DAYS** after the surrender date of June 26, 2015 or on or before September 24, 2015.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 28, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record